# Exhibit A

Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY | SUMMONS | CASE NO.<br>26-21227-NZ |
|---|---|---|

Court address | Court telephone no.

| Plaintiff's name, address, and telephone no. | | Defendant's name, address, and telephone no. |
|---|---|---|
| Calvin Holtrop<br>1043 College Ave NE, Apt 5<br>Grand Rapids, MI 49503<br>(231) 683-7626 | v | Dean Transportation Inc<br>4812 N Aurelius Rd<br>Lansing, MI 48910<br>(517) 319-8300 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>J. JOSEPH ROSSI (P-53941) | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☒ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ______________ and assigned to Judge ______________________

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| AUG 26 2026 | NOV 25 2026 | LISA POSTHUMUS LYONS |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**Summons** (3/23) **Case No.** ____________ -NZ

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail, return receipt requested, and delivery restricted to the addressee (copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
| --- | --- |
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | |
| --- | --- | --- | --- |
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ |

Signature

Name (type or print)

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

______________________________ on ______________________________.
Attachments (if any) Date and time

______________________________ on behalf of ______________________________
Signature

______________________________
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

# State of Michigan
# In the 17th Judicial Circuit Court
# County of Kent
# Calvin Holtrop, Plaintiff
# v.
# Dean Transportation, Inc., Defendant

26-21227 -NZ

J. JOSEPH ROSSI
(P-53941)

Date of Filing: 26 August 2026

---

# COMPLAINT

## I. JURISDICTION AND VENUE

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Michigan Whistleblowers' Protection Act ("WPA"), MCL 15.361 et seq.
2. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b), which permits actions to be maintained in any Federal or State court of competent jurisdiction.
3. This Court has subject-matter jurisdiction over Plaintiff's WPA claims pursuant to MCL 15.363.
4. Venue is proper in Kent County under MCL 15.363(2) because the alleged violations occurred in Kent County, Plaintiff resides in Kent County, and Defendant conducts business in Kent County.
5. Venue is also proper under MCL 600.1621 et seq. because a substantial part of the events or omissions giving rise to the claims occurred in Kent County.

---

# II. PARTIES

6. Plaintiff Calvin Holtrop is an adult resident of Kent County, Michigan.

7. Defendant Dean Transportation, Inc. is a Michigan corporation headquartered in Lansing, Michigan, operating school transportation services throughout the state, including Kent County.

8. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

---

# III. FACTUAL ALLEGATIONS

## A. Employment and Job Duties

9. Plaintiff was employed by Defendant as a school bus driver.

10. Plaintiff's job duties included performing federally required pre-trip inspections, completing Learning Management System (LMS) modules, cleaning the bus, and transporting students safely.

## B. Unpaid Pre-Trip Inspection Time and Related Work

11. Defendant maintained policies limiting paid time for pre-trip inspections to ten minutes, post-trip inspections to two to three minutes, LMS modules to thirty minutes per month, and vehicle cleaning to thirty minutes per week.

12. Defendant did not compensate Plaintiff for winter weather clearing, vehicle warm-up, or additional time required to complete federally compliant inspections.

13. Plaintiff began limiting his recorded pre-trip inspection time on December 2, 2025, after learning of Defendant's time caps and fearing that recording actual time worked would violate Defendant's SOPs.

14. Between December 2025 and May 2026, Plaintiff performed uncompensated work including pre-trip inspections, winter clearing, LMS study, and related tasks.

15. Plaintiff's total unpaid labor during this period is estimated at $2,163.29, with full calculations available as an exhibit.

### C. Plaintiff's Protected Activity

16. On May 4–9, 2026, Plaintiff wrote in the "Notes/comments" section of his timecard that DVIRs, full pre-trips, and bus cleanings were compensable "integral and indispensable" duties under the FLSA and Portal-to-Portal Act.

17. On June 9, 2026, Plaintiff wrote in his timecard that any alteration of his submitted hours or withholding of pay would constitute unlawful wage theft and retaliation under FLSA § 15(a)(3) and the WPA.

18. Plaintiff followed up with an email to Defendant's Director of Transportation referencing FLSA authority, Sixth Circuit precedent, and the Michigan Improved Workforce Opportunity Wage Act.

### D. Defendant's Adverse Actions

19. On June 30, 2026, Defendant held a consultation meeting with Plaintiff regarding his protected activity.

20. During the meeting, Defendant acknowledged Plaintiff's concerns but instructed Plaintiff to continue following SOP time caps unless additional time was approved by management.

21. Defendant documented the meeting in an Incident Report and attached SOP excerpts and portions of Plaintiff's email.

22. Defendant reinterpreted the four-hour daily dry-run allowance as a total daily work cap, including all tasks.

23. Plaintiff's union representative warned Plaintiff that his protected activity could "get [him] fired."

24. Defendant later issued Incident Reports containing inaccuracies that inflated Plaintiff's disciplinary record.

25. On July 31, 2026, Defendant terminated Plaintiff's employment following a minor incident on July 24, 2026.

---

## IV. CLAIMS FOR RELIEF

### Count I – Failure to Pay Wages Under the FLSA (29 U.S.C. §§ 206, 207)

26. Plaintiff incorporates all preceding paragraphs.

27. Defendant failed to pay Plaintiff for all hours worked, including uncompensated pre-trip inspection time and LMS study time.

28. Defendant's policies resulted in systematic underpayment of wages owed under the FLSA.

29. Plaintiff seeks unpaid wages, liquidated damages, attorney fees, costs, and all relief available under 29 U.S.C. § 216(b).

## Count II – Retaliation Under the FLSA (29 U.S.C. § 215(a)(3))

30. Plaintiff incorporates all preceding paragraphs.

31. Plaintiff engaged in protected activity on May 4–9, 2026, and June 9, 2026.

32. Defendant took adverse action against Plaintiff on June 30, 2026.

33. Defendant's Director acknowledged that Plaintiff's protected activity influenced disciplinary timing.

34. Defendant retaliated against Plaintiff in violation of 29 U.S.C. § 215(a)(3).

35. Plaintiff seeks back pay, liquidated damages, attorney fees, costs, and all relief available under 29 U.S.C. § 216(b).

## Count III – Violation of the Michigan Whistleblowers' Protection Act (MCL 15.361 et seq.)

36. Plaintiff incorporates all preceding paragraphs.

37. Plaintiff engaged in protected activity under the WPA beginning in October 2025 by reporting suspected violations of law to public bodies.

38. Defendant knew of Plaintiff's protected activity.

39. On October 30, 2025, Plaintiff was involved in a minor backing incident during a period of disagreement with an attendant.

40. Between January and March 2026, Defendant conducted meetings addressing matters related to Plaintiff's reports.

41. Defendant sought to have Plaintiff adopt approaches Plaintiff believed were inconsistent with safety standards.

42. On January 26, 2026, Plaintiff experienced a skid on black ice resulting in vehicle contact.

43. On May 6, 2026, Plaintiff was involved in a minor mirror contact incident.

44. On May 29, 2026, Plaintiff submitted a whistleblower packet documenting safety and compliance concerns.

45. On June 5, 2026, Defendant imposed discipline for the January 26 and May 6 incidents, resulting in unpaid suspensions.

46. During this period, Plaintiff raised repeated concerns regarding vehicle condition, DVIRs, repair documentation, and related safety and recordkeeping practices.

47. Plaintiff reported difficulty obtaining maintenance records and observed inconsistencies in required documentation.

48. Defendant issued additional Incident Reports, including one alleging Plaintiff had "begun to attempt repairs" based on a single loose mirror bolt tightened under time pressure.

49. On June 30, 2026, Defendant conducted a consultation meeting with Plaintiff.

50. In July 2026, Plaintiff was involved in a backing contact with a traffic sign and was placed on paid administrative leave.

51. On July 31, 2026, Defendant terminated Plaintiff's employment.

52. Plaintiff alleges that the timing of discipline, Incident Reports, responses to safety concerns, and termination formed a pattern of adverse action taken because of Plaintiff's protected activity.

53. Plaintiff seeks all relief available under the WPA, including damages, back pay, attorney fees, and costs. Plaintiff does not seek reinstatement.

---

# V. PETITION FOR RELIEF

54. Plaintiff respectfully requests that the Court:

- Award unpaid wages;
- Award liquidated damages;
- Award attorney fees and costs;
- Award damages for WPA and FLSA retaliation (excluding reinstatement);

- Grant any additional relief the Court deems just and proper.

---

## VI. JURY DEMAND

55. Plaintiff demands a trial by jury on all issues so triable.

---

## VII. SIGNATURE

Calvin Holtrop

**Address:** 1043 College Ave NE, Apt 5, Grand Rapids, MI 49503

**Phone:** (231) 683-7626

**Email:** calvinholtrop@outlook.com

# Exhibit A: Dean Transportation SOPs, most of which are Allegedly in Violation of Fair Labor Standards Act, Michigan Improved Workforce Opportunity Wage Act, etc.

1. ***DT-B-07 7.02 TIME RECORD GENERAL: III.*** *Chargeable time does not include additional time for winter weather vehicle warm-up and clearing. Drivers are allowed up to thirty (30) minutes per week for vehicle cleaning, see Vehicle Cleaning (DT-D-08).*
2. ***DT-B-07 7.03 TIME RECORD REQUIRED DOCUMENTATION: I.12.*** *Enter the start time (the time the route begins). For drivers, this time cannot be more than ten (10) minutes prior to leaving for the first passenger pick-up. These ten (10) minutes allow for vehicle pre-trip inspection time and only apply to drivers.*
3. ***DT-B-07 7.03 TIME RECORD REQUIRED DOCUMENTATION: I.13.*** *For drivers, it is not expected that a post trip inspection visual check of the vehicle will take more than two (2) to three (3) minutes total.*
4. ***DT-B-07 7.05 DISCIPLINE:*** *Violation of this section of the standard operating procedures may result in discipline up to and including termination of employment. Employees may also be subject to criminal charges.* However,
5. ***DT-B-07 7.02 TIME RECORD GENERAL: I.*** *Employees cannot change or purposely falsify their Time Record for company reimbursement for more time than is actually worked. This is a violation of state statute.* And,
6. ***DT-B-07 7.02 TIME RECORD GENERAL: VII.*** *The Employer has the authority to use all legal means at its disposal to ascertain that employees are not charging time in excess of that authorized, reasonable and necessary to perform their work assignments.*

# Exhibit B: Unpaid Compensable Work Hours:

7. December 2 - March 19, snow-clearing, ice-clearing, bus-warming, prior to pre-trip, except for December 4, 5, January 5, 6, 7, 8, 13, March 2, 3, 4, and 6. So, essentially, Plaintiff didn't get paid for any of the snow/ice removal + warm-up that Plaintiff did on any of December 2, 3, 8, 11, 15, 17, 19, January 9, 12, 14, 15, 16, 21, 26, 28, 29, 30, February 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 17, 18, 19, 20, 23, 24, 25, 26, 27, March 5, 9, 11, 12, 13, 16, 17, 18, 19.

8. Rough estimate of 30 minutes/snow-clearing and of 30 minutes total/pre-trip; 10 minutes/pre-trip already calculated into Plaintiff's Timecard figures, so 20 minutes/pre-trip not yet accounted for, per SOP manual dictates; snow/ice/warm were not counted, per SOP manual dictates. Plaintiff did not know they were fraudulent Standard Operating Procedures until Plaintiff researched them in early May 2026 and found out they violate the Fair Labor Standards Act's requirement that all integral and indispensable labor done must be compensated; at which time Plaintiff began logging full work-hours in again with FLSA support. (Numbers in parentheses designate how many pre-trips per day Plaintiff did.)

   i. **(2) AM and PM1 + PM2:** December 2, 3, 4, 5, 8, 11, 15, 17, 19, January 5, 9, 12, 13, 16, 26, 29, February 2, 3, 5, 6, 10, 12, 13,17, 23, 24, March 2, 6, 12, 17, 23, 24, 25, 26, 27, 30, 31, April 2, 14, 17, 20, 21, 23, 24, 27.
   ii. **(3) AM, PM1 + PM2, and Regen:** January 6, 30, February 9, March 3, 19.
   iii. **(3) AM, PM1 and PM2:** January 7, 8, 14, 21, 28, February 4, 11, 18, 19, 25, 26, 27, March 4, 9, 11, 18, April 1, 15, 22, 29.
   iv. **(4) AM, PM1, Dry-Run, and PM2:** January 15.
   v. **(3) AM, PM1 + PM2, and Non-Route:** February 20, March 10.
   vi. **(4) AM, Non-Route, Sub, and PM1 + PM2:** March 5.
   vii. **(2) Sub and Sub:** March 13.
   viii. **(3) AM, Dry-Run, and PM1 + PM2:** March 16.
   ix. **(1) Dry-Run + AM + Sub:** March 20.
   x. **(1) AM + Dry-Run + Non-Route + PM1 + PM2:** April 16.
   xi. **(1) Field Trip:** April 18.
   xii. **(3) AM, Field Trip and PM1 + PM2:** April 30.

9. So, breaking it down to weekly installments, and comparing with paystubs:

   i. **Oct 3,** LMS shortage by 1.5 hrs @ $23.75/hr = $35.63
   ii. **Dec 1 (Rough Estimate LMS Shortage),** 12 min @ $23.75/hr = $4.75
   iii. **Dec 2-5,** 9 × 20 min + 2 × 30 min = 240 min = 4 hours @ $23.75/hour = $95.00
   iv. **Dec 8-12,** 6 × 20 min + 1 × 30 min = 2.5 hrs @ $23.75/hr = $59.38
   v. **Dec 15-19,** 8 × 20 min + 3 × 30 min = 4 hrs 10 min @ $23.75/hour = $98.96
   vi. **Jan 5-9,** 13 × 20 min + 1 × 30 min = 4 hrs 50 min @ $23.75/hour = $114.79

vii. **Jan 12-16,** 9 × 20 min + 2 × 30 min = 4 hrs @ $23.75/hr = $95.00

viii. **Jan 21-25,** 3 × 20 min + 1 × 30 min = 1 hr 30 min @ $23.75/hr = $35.63

ix. **Jan 26-30 (Overtime),** 10 × 20 min + 3 × 30 min = 4 hrs 50 min @ $35.63/hr = $172.21

x. **Feb 2-6,** 11 × 20 min + 4 × 30 min = 5 hrs 40 min @ $23.75/hr = $134.58

xi. **Feb 9-13,** 12 × 20 min + 5 × 30 min = 6 hrs 30 min @ $23.75/hr = $154.38

xii. **Feb 17-20,** 11 × 20 min + 4 × 30 min = 5 hrs 40 min @ $23.75/hr = $134.58

xiii. **Feb 23-27,** 13 × 20 min + 5 × 30 min = 6 hrs 50 min @ $23.75/hr = $162.29

xiv. **Mar 2-6 (Reg + Overtime),** 12 × 20 min + 1 × 30 min = 3.44 hrs @ $23.75/hr + 1.06 hrs @ $35.63/hr = $119.47

xv. **Mar 6 (Rough Estimate LMS Shortage, Overtime),** 6 min @ $35.63/hr = $3.56

xvi. **Mar 9-13 (Overtime),** 13 × 20 min + 1 × 30 min = 4 hrs 50 min @ $35.63/hr = $172.21

xvii. **Mar 16-20,** 10 × 20 min + 4 × 30 min = 5 hrs 20 min @ $23.75/hr = $126.67

xviii. **Mar 23-27,** 10 × 20 min = 3 hrs 20 min @ $23.75/hr = $79.17

xix. **Mar 30-Apr 2,** 8 × 20 min = 2 hrs 40 min @ $23.75/hr = $63.33

xx. **Apr 6 (Rough Estimate LMS Shortage),** 3 min @ $23.75/hr = $1.19

xxi. **Apr 14-18 (Reg + Overtime),** 9 × 20 min = 1.13 hrs @ $23.75/hr + 1.87 hrs @ $35.63/hr = $93.47

xxii. **Apr 20-24,** 11 × 20 min = 3 hrs 40 min @ $23.75/hr = $87.08

xxiii. **Apr 24 (Rough Estimate LMS Shortage),** 3 min @ $23.75/hr = $1.19

xxiv. **Apr 27-30 (Overtime),** 10 × 20 min = 3 hrs 20 min @ $35.63/hr = $118.77

xxv. **Grand Total Unpaid Labor, Including Pre-Trip, Winter, and LMS, and Figuring Overtime: $2,163.29**

DATE STAMP:

Employees Name Calvin Holtrop Employee ID #: T20039

Location: Union Ave NE Position: Bus Driver

# DEAN TRANSPORTATION, INC.

WEEKLY TIME-MILEAGE REPORT

Vehicle # 5858 Run # F050

Timecards are due in the payroll office no later than 5:00 p.m. on Monday following the end of your work week.

Week Ending 12/6/2025

RUN TIME (INCLUDE CBI & FIELD TRIP)

USE INITALS BELOW: R=Runbook, T=Training, M=Meeting, MD=Medical; BW=Bus Wash, CL=Cleaning; F=Fueling, MT=Maintenance

| Day | | | Run Times | Run Times | Run Times | Run Times | Total Time | R / T / M / MD | BW / CL | F / MT | | Mileage | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Mon | 12/1/2025 | End | 9:17 | 2:00 | 4:10 | 6:00 | 7:51 | 9:17 Am | 2:00 Pm | 4:10 Pm | 6:00 Pm | 36300.4 | End |
| Absent Student | | Start | 6:30 | 11:21 | 2:45 | 5:00 | | 6:30 Am | 11:21 Am | 2:45 Pm | 5:00 Pm | 36261.4 | Start |
| | | Total | 2:47 | 2:39 | 1:25 | 1:00 | | R + MT | R+CL+MT | R | T | | Total |
| Tues | 12/2/2025 | End | 9:13 | 4:47 | | | 5:49 | 9:13 Am | 4:47 Pm | | | 36368.3 | End |
| Absent Student | | Start | 6:55 | 1:16 | | | | 6:55 AM | 1:16 Pm | | | 36300.4 | Start |
| | | Total | 2:18 | 3:31 | | | | R | CL+R+MT | | | | Total |
| Wed | 12/3/2025 | End | 10:27 | 2:22 | 6:10 | | 7:46 | 10:27 Am | 2:22 Pm | 6:10 Pm | | 36488.5 | End |
| Absent Student | | Start | 6:55 | 1:28 | 2:50 | | | 6:55 Am | 1:28 Pm | 2:50 Pm | | 36368.3 | Start |
| | | Total | 3:32 | 0:54 | 3:20 | | | R + F | R | R + MT | | | Total |
| Thurs | 12/4/2025 | End | 8:32 | 5:29 | | | 5:26 | 8:32 Am | 5:29 Pm | | | 36548.2 | End |
| Absent Student | | Start | 6:55 | 1:40 | | | | 6:55 Am | 1:40 Pm | | | 36488.5 | Start |
| | | Total | 1:37 | 3:49 | | | | R | R + MT | | | | Total |
| Fri | 12/5/2025 | End | 8:25 | 1:02 | 4:46 | | | 8:25 Am | 1:02 Pm | 4:46 Pm | | 36627.2 | End |
| Absent Student | | Start | 6:55 | 12:52 | 1:40 | | | 6:55 Am | 12:52 Pm | 1:40 Pm | | 36548.2 | Start |
| | | Total | 1:30 | 0:10 | 3:06 | | | R | MT | R | | | Total |

Notes/comments: 12/1 MT was for low voltage w/ Aftertreatment Control Module on #5857; & for getting 5858 back from mechanics. 12/3 MT was for mechanic's reset of OIL LIFE COUNTER on TCM (Transmission Control module); 12/4 MT was Δ headlight bulb. 12/3 Long hours = stuck in traffic due to avoidance of sleety hwy. 12/2 MT was refill DEF. 12/1 T = Nov + Dec LMS.

# Personal Hours Requested

(Misc. time should also be included in run time.)

Plug In:
(Circle the nights bus was plugged in at home)
S M TU W TH

OFFICE USE ONLY

TOTAL ____ ____ ____ ____

Personal Hrs.

Calvin Holtrop
Signature

DATE STAMP:

Timecards are due in the payroll office no later than 5:00 p.m. on Monday following the end of your work week.

Employees Name: Calvin Holtrop
Employee ID #: T20039
Location: 900 Union Ave NE
Position: Bus Driver

# DEAN TRANSPORTATION, INC.

WEEKLY TIME-MILEAGE REPORT

Vehicle # 5059
Run # S016

RUN TIME (INCLUDE CBI & FIELD TRIP)

Week Ending 6/13/2024

| Day | | Run Times | Run Times | Run Times | Run Times | Total Time | USE INITALS BELOW: R=Runbook T=Training M=Meeting MD=Medical | BW=Bus Wash CL=Cleaning | F=Fueling MT= Maintenance | Mileage | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Mon 6/8/2024 Absent Student | End | 4:40 | | | | 6:10 | 4:40 Pm | | | 60001.7 | End |
| | Start | 10:30 | | | | | 10:30 Am | | | 59961.7 | Start |
| | Total | 6:10 | | | | | M, MT, R, CL | | | 40.0 | Total |
| Tues 6/9/2024 Absent Student | End | 8:58 | 4:30 | | | 8:00 | 8:58 Am | 4:30 Pm | | 60075.2 | End |
| | Start | 6:39 | 10:49 | | | | 6:39 Am | 10:49 Am | | 60001.7 | Start |
| | Total | 2:19 | 5:41 | | | | R | R, MT, CL | | 73.5 | Total |
| Wed 6/10/2024 Absent Student | End | 11:03 | | | | 4:14 | 11:03 Am | | | 16133.5 | End |
| | Start | 6:49 | | | | | 6:49 Am | | | 16100.1 | Start |
| | Total | 4:14 | | | | | R, MT | | | 33.4 | Total |
| Thurs 6/11/2024 Absent Student | End | 4:25 | | | | 9:30 | 4:25 Pm | | | 16187.6 | End |
| | Start | 6:55 | | | | | 6:55 Am | | | 16133.5 | Start |
| | Total | 9:30 | | | | | MT, R, CL | | | 54.1 | Total |
| Fri 6/12/2024 Absent Student | End | | | | | | | | | | End |
| | Start | | | | | | | | | | Start |
| | Total | | | | | | | | | | Total |

Notes/comments: Pre-tripped 5966 and 5857, my mistake in pretrip moved me to drive 5857 insted of 5966. T, I dry-ran routes twice: Any alteration of my submitted hours, withholding of regular or overtime pay, or subsequent disciplinary action taken against me for accurately logging my hours constitutes unlawful wage theft and illegal retaliation under FLSA § 15(a)(3) and MI WPA. W, I drove 7567. H, Bus 7567 repaired, + dry runs, + cleanup routes, + call parents of Am kids, + pretrips, + clean bus.

# Personal Hours Requested

(Misc. time should also be included in run time.)

Plug In:
(Circle the nights bus was plugged in at home)
S M TU W TH

Calvin Holtrop
Signature

OFFICE USE ONLY

TOTAL

Personal Hrs.

DATE STAMP:

Timecards are due in the payroll office no later than 5:00 p.m. on Monday following the end of your work week.

Employees Name Calvin Holtrop Employee ID #: T20039
Location: 900 Union Ave NE Position: Bus Driver

## DEAN TRANSPORTATION, INC.

WEEKLY TIME-MILEAGE REPORT

Vehicle # 5858L Run # F050

Week Ending 5/9/2026

| Day | | RUN TIME (INCLUDE CBI & FIELD TRIP) Run Times | Run Times | Run Times | Run Times | Total Time | USE INITALS BELOW R=Runbook T=Training M=Meeting MD=Medical | BW=Bus Wash CL=Cleaning | F=Fueling MT=Maintenance | Mileage | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Mon 5/4/2026 Absent Student [redacted] | End | 9:14 | 1:27 | 5:04 | | 7:00 | | | | 43075.5 | End |
| | Start | 6:22 | 12:45 | 1:38 | | | | | | 43002.1 | Start |
| | Total | 2:52 | 0:42 | 3:26 | | | MT+R | MT | R+CL | 73.4 | Total |
| Tues 5/5/2026 Absent Student [redacted] | End | 9:59 | 5:33 | | | 7:47 | | | | 43201.0 | End |
| | Start | 6:20 | 1:25 | | | | | | | 43075.5 | Start |
| | Total | 3:39 | 4:08 | | | | R | R | | 125.5 | Total |
| Wed 5/6/2026 Absent Student [redacted] | End | 9:27 | 1:59 | 6:33 | | 8:56 | | | | 43267.6 | End |
| | Start | 6:30 | 12:03 | 2:30 | | | | | | 43201.0 | Start |
| | Total | 2:57 | 1:56 | 4:03 | | | R+MT | R | R+MD | 66.6 | Total |
| Thurs 5/7/2026 Absent Stud[redacted] | End | 8:51 | 11:56 | 5:35 | | 7:53 | | | | 43349.2 | End |
| | Start | 6:33 | 10:31 | 1:25 | | | | | | 43267.6 | Start |
| | Total | 2:18 | 1:25 | 4:10 | | | R | R | R | 81.6 | Total |
| Fri 5/8/2026 Absent Student [redacted] | End | 9:45 | 4:44 | 6:31 | | 6:57 | | | | 43441.9 | End |
| | Start | 6:20 | 1:20 | 6:23 | | | | | | 43349.2 | Start |
| | Total | 3:25 | 3:24 | 0:08 | | | R+MT | R+MT+T | MT | 92.7 | Total |

Notes/comments: Starting Monday, I'm counting whole DVIRs, full pretrips, and full bus cleanings as paid work. [redacted] These are "compensable" "integral and indispensable" duties under FLSA (29 USC 201) and Portal-to-Portal (29 USC 254). Tuesday + Friday I did a regen each day. Friday, caught up on LMS, read safety AI cams doc, + read newsletters, after run.

# Personal Hours Requested

Plug In: (Circle the nights bus was plugged in at home) S M TU W TH

Calvin Holtrop
Signature

(Misc. time should also be included in run time.)

OFFICE USE ONLY

TOTAL

Personal Hrs.

Gmail

Calvin Holtrop <calvinholtrop@gmail.com>

# Official Log of Actual Hours Worked / Safety and Maintenance Compliance Notice – June 9, 2026

3 messages

**Calvin Holtrop** <calvinholtrop@gmail.com> Tue, Jun 9, 2026 at 7:09 PM
To: Relonda Robinson <RelondaR@deantrans.com>

Dear Director Robinson,

I am writing to formally submit the documentation of my actual hours worked today, June 9, 2026, in preparation for the upcoming summer school routes. As required by law, I will record my exact time on my paper time card.

The required documentation, driving duties, and safety protocols today took a total of 7 hours and 31 minutes. The precise, minute-by-minute breakdown of my shift is as follows:

**6:39 AM – 7:20 AM (41 mins):** Mandatory Pre-Trip Safety Inspection (performed in heavy rain).

**7:20 AM – 8:58 AM (1 hr 38 mins):** Required Dry Runs (learning summer routes).

**10:49 AM – 11:29 AM (40 mins):** Mandatory Pre-Trip Safety Inspection (performed in light rain).

**11:29 AM – 2:40 PM (3 hrs 11 mins):** Required Dry Runs (learning summer routes).

**2:40 PM – 3:30 PM (50 mins):** Active mechanical maintenance—attempting a required highway exhaust system regeneration (regen) for Bus 5857L, which I appropriately aborted and returned to the lot once heavy freeway traffic compromised required regen speeds.

**3:30 PM – 4:30 PM (1 hr):** Mandatory Post-Trip Safety Inspection, bus cleaning, and completing the formal Vehicle Maintenance & Repair Form for Bus 5857L.

*Note on Duty Breakdown:* Within my total schedule today, 4 hours and 49 minutes were dedicated strictly to driving the entire special needs route twice to ensure safety compliance and timing (1 hr 38 mins in the morning and 3 hrs 11 mins in the afternoon). The remaining 2 hours and 42 minutes were spent on safety inspections, bus cleaning, mandatory reporting, and the 50-minute highway exhaust regeneration attempt.

I am aware of the paperwork I was required to sign prior to route bidding, which states: *"You have 4 hours a day for dry runs, there is no excuse for not knowing your run on the first day."* Furthermore, upon returning to the office this afternoon, a dispatcher verbally informed me: *"You know, you get paid for only 4 hours a day for dry runs, and you can have the bus out until 4 PM but you're not going to get paid for the whole time."*

Please be advised that both the written cap and the dispatcher's verbal directive directly conflict with federal and state labor laws, as well as binding federal court rulings:

**Federal & State Statutory Law:** Under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, and the Michigan Improved Workforce Opportunity Wage Act (WOWA), MCL 408.411, employers must compensate employees for all hours "suffered or permitted to work." If management requires a result ("knowing the run") and has reason to know the employee is out executing those duties, every minute of that time is legally compensable.

**Binding 6th Circuit Court Precedents:** Because Michigan falls under the jurisdiction of the U.S. Court of Appeals for the Sixth Circuit, local employers are bound by its rulings. In landmark cases such as *Brock v. City of Cincinnati*, 236 F.3d 793, and *Chao v. Akron Insulation & Supply, Inc.*, 184 F. App'x 508, the Sixth Circuit firmly established that employers are strictly prohibited from using arbitrary hour caps, fixed time allowances, or predetermined "plug numbers" to avoid paying for actual hours worked.

**The Waiver Standard:** The U.S. Supreme Court (*Tony & Susan Alamo Foundation v. Sec. of Labor*) has ruled that statutory rights to proper compensation cannot be waived by private contracts, employer policies, or signed employee statements.

Because performing commercial vehicle safety pre-trips, handling an active mechanical exhaust regen, and driving a complex special needs route twice are "integral and indispensable" to my job, ***they cannot be performed for free.*** The dispatcher's acknowledgment that I could have the bus out until 4:00 PM confirms employer knowledge of the work being performed.

I expect to be compensated for the full 7 hours and 31 minutes worked today. Any alteration of my submitted hours, withholding of regular or overtime pay, or subsequent disciplinary action taken against me for accurately logging my hours constitutes unlawful wage theft and illegal retaliation under FLSA § 15(a)(3) and the Michigan Whistleblowers' Protection Act.

Thank you for your attention to this matter and for ensuring Dean Transportation Inc becomes compliant with federal and state labor standards.

Sincerely,

**Calvin Holtrop**
Bus Driver, Bus 5857L
Employee ID: T20039 | Phone: (231) 683-7626

---

**Calvin Holtrop** <calvinholtrop@gmail.com> Wed, Jun 10, 2026 at 4:29 PM
To: Relonda Robinson <RelondaR@deantrans.com>

For a thorough record of yesterday's work hours:

I noticed the 4 hours per day for dry runs limit in the paperwork, but then the next day I noticed the posted instructions that the buses had to be back in the lot at 4 PM at the latest; and I got to work before 7 AM: so the signals from the office seemed mixed; why I was 49 minutes over the 4 hours per day for dry runs.

The other activities - maintenance, attempted regen due to hot exhaust light on the dashboard message center, and pre-trip inspections - I counted independently from the dry runs.

Just so you're fully in the loop,

Calvin Holtrop
T20039
[Quoted text hidden]

---

**Calvin Holtrop** <calvinholtrop@gmail.com> Wed, Jun 10, 2026 at 7:24 PM
To: Relonda Robinson <RelondaR@deantrans.com>

And I know that I can calculate my times properly: 41 minutes plus 1 hour and 38 minutes plus 40 minutes plus 3 hours and 11 minutes plus 50 minutes plus 1 hour equals

3 1

41 minutes
98 minutes
40 minutes
191 minutes
50 minutes
60 minutes
480 minutes = 8 hours even

I used an app on my phone that's not as good with math as it wanted me to think, and I was pretty tired after my work yesterday afternoon; sorry for any confusion.

I'm happy to correct myself.

Sincerely,

Calvin Holtrop
Special Education School Bus Driver
T20039

[Quoted text hidden]

DEAN TRANSPORTATION

# Incident Report Form

Please Use Ink and Print Clearly or Complete Digitally

Subject: Time Card Submission

Operation Center: GR-Union Vehicle #: ______

Date of Incident: Week of 6/7-6/13 Time: ______ ☐ AM ☐ PM

Witness(es) to Incident? ______

Where Did it Happen (school, building, street, city)?

______

OFFICE USE ONLY

File in: ______

Copies to: ______

Type:

- ☐ Attendance
- ☐ Behavioral
- ☐ Crash
- ☐ Injury
- ☐ Student Management

Details of Incident:

Reporting Employee Name (print): Relonda Robinson

Reporting Employee Signature: R. Robinson Report Date: 06/30/26

DEAN TRANSPORTATION

## Disposition of Incident (Supervisor's Review)

☒ Offer of Union Representation Form Completed ☐ Union Representation Not Applicable

After a complete and thorough investigation, Relonda Robinson, a union rep, and Calvin Holtrop met to discuss his timecard submission on the week of 6/7-6/13. We discussed expectations and Dean policy and procedures. Pre-trip inspection are allotted 10 minutes and must receive a supervisor approval if more time is needed. A copy of Dean policy has been given.

## Disposition Summary

Applicable Policy & Procedure Infraction(s) (Policy #): DT-B-07

☒ Consultation ☐ Verbal Warning
☐ Note to File ☐ Written Warning
☐ Administrative Leave Pending Investigation
Start Date: ______ ☐ AM ☐ PM
End Date: ______ ☐ AM ☐ PM
☐ Suspension without Pay: ______ days
Start Date: ______ ☐ AM ☐ PM
End Date: ______ ☐ AM ☐ PM
☐ Probation
Start Date: ______ ☐ AM ☐ PM
End Date: ______ ☐ AM ☐ PM
☐ Indefinite Probation
☐ Similar Incident May Result in Termination
☐ Any Further Incident May Result in Termination

**Follow-up Report Required?** ☐ Yes ☐ No
☐ Post-Accident Test Results
☐ Negative ☐ Positive
Completed Date: ______
☐ Re-Training Type: ______
Completed Date: ______
☐ Re-Certification Type: ______
Completed Date: ______
☐ Employee Assistance Program
Completed Date: ______

Employee Signature: R. Robinson Date: 6/30/26
Employee Name (print) R. Robinson
Supervisor Signature: Calvin Holtrop Date: 6/30/26
Supervisor Name (print) Calvin Holtrop

☐ Disposition Log Included

**AFTER COMPLETING THE DISPOSITION SECTION, FORWARD THIS FORM TO YOUR REGIONAL MANAGER**

Additional Review (if necessary): ______

Reviewer Name: ______
Signature: ______
Review Date: ______

OFFICE USE ONLY
Reg. Mgr. ______ Date: ______
Ops. Dir: ______ Date: ______
HR Dir: ______ Date: ______

DEAN TRANSPORTATION

# Offer of Union Representation

I have been offered the opportunity to have a Union Representative present prior to being asked questions which could lead to discipline action against me in accordance with the collective bargaining agreement.

If I decline representation, I can change my mind and seek representation at any time while being questioned.

- [x] Yes, I request Union Representation
- [ ] No, I decline Union Representation

Employee Name: Calvin Holtrop Date: 6/30/2026

Employee Signature: Calvin Holtrop

Supervisor Name: Relonda Robinson Date: 6/30/26

Supervisor Signature: LR. Robinson

Union Representative Name: Yvonne Blackwell Diane Lowe Date: 6/30/26

Union Representative Signature: D. Lowe

Other Attendee Name: ______ Date: ______

Other Attendee Signature: ______

Provided completed copies to:

- Employee
- Human Resource Department (with a copy of Incident Report)
- Union Steward/ Representative (if representative sought)

# 7. TIME RECORD

7.01 PURPOSE:

To inform employees the company time record is an official document used for compensation and record keeping for Dean Transportation. To provide instructions on how to correctly complete the company time record.

7.02 TIME RECORD FRAUD:

I. Employees cannot change or purposely falsify their time record for company reimbursement for more time than is actually worked. This is a violation of State Statute.

II. Chargeable time does not include additional time for winter weather vehicle warm-up and clearing. Drivers are allowed up to thirty (30) minutes per week for vehicle cleaning, see Vehicle Cleaning (DT-D-08).

III. The company will not allow as chargeable time any activities of socializing, coffee breaks, and other non-employment related personal business.

IV. Employees found falsifying information on their time record will be disciplined up to and including termination. In all cases, the company retains the right to prosecute the employee through the criminal system.

7.03 TIME RECORD REQUIRED DOCUMENTATION:

I. Refer to the attached time record for the numbered slots that correspond with the following directions:

| | |
|---|---|
| 1. | Stamp with time and date using the time clock, where applicable. Only stamp when all areas of the time record are complete and ready to submit it for payroll processing. |
| 2. | Locations without time clocks – write in the submission date and time. |
| 3. | Work weeks end on Saturdays. All-time records from the previous week are due no later than 5:00 p.m. on the following Monday. |
| 4. | Print name. |
| 5. | Enter employee ID #. |
| 6. | Enter location. |
| 7. | Enter position. |
| 8. | Enter the vehicle number regularly assigned as a driver or attendant. |
| 9. | Enter the run number regularly assigned as a driver or attendant. |
| 10. | Note the Saturday's date for the week-ending pay period. |
| 11. | Record the date under each day notation. |
| 12. | Record passenger absences for special education routes. |
| 13. | Enter the start time (the time the route begins). For drivers, this time cannot be more than ten (10) minutes prior to leaving for the first passenger pick-up. These ten (10) minutes allow for vehicle pre-trip inspection time and only apply to drivers. Attendants will record their start time when they enter the vehicle to immediately leave on their run. Enter the end time of the run. The end time is when the bus is parked on Dean property or at home. Attendant time is when they physically leave the company operated vehicle. Attendants may not charge paid time for bus fueling, washing, or cleaning the interior of the bus without |

| | |
|---|---|
| | approval of their supervisor. |
| 14. | Subtract start time from end time and record the number on this line. Time may be rounded off to the nearest five (5) minute interval. |
| 15. | Record each daily run or assignment times in a separate column, up to four (4) times per day. All paid time must be recorded in these columns. Weekend work should use #21 notes/comments section for recording of paid time. |
| 16. | Enter total hours worked each day by adding up all times recorded in #14 daily spaces. This represents the total pay hours for the day. |
| 17. | #17.-#19. These columns are designed for clarification on any pay time in item #14 column. Time recorded in this area will not be paid separately, since it should have already been recorded in one of the item #15 pay column areas for that day. Any item #17 pay time for Run Book work, training, meeting, and medical, must be approved by a supervisor and noted next to the time R, T, M, or MD. |
| 18. | Any item #18 pay time should note next to it either "BW" bus wash or "CL" for cleaning. |
| 19. | Any item #19 pay time should note next to it either "F" for fueling or "MT" for maintenance. |
| 20. | Record the total daily miles for each day. Record the start and end odometer readings in the vehicle, then subtract start from end to record total miles. |
| 21. | Explain any unusual items on the time record in this space. |
| 22. | Request payment for some or all of earned and payable personal hours in this space. |
| 23. | If the diesel engine vehicle requires to be plugged into an electrical outlet at home, circle that day's symbol for reimbursement. Payable days are those nights and days immediately preceding scheduled runs (i.e. Sunday through Thursday evenings). |
| 24. | Sign time record. By doing this, it certifies that all information recorded on the time record is, to the best of the employee's knowledge, accurate and truthful. |
| 25. | Total time for all time notations in each respective column. Again, this time does not include extra paid time as it should have been noted in the run time columns (#15). |
| 26. | This area is left blank and used by office staff only. |
| 27. | Back of time record is for verification of pre-trip inspection, post trip inspection, and fueling. |

**7.04 DEADLINE:**

I. Time records must be turned in no later than 5:00 p.m. Monday following the end of the pay period. Anyone missing this deadline will receive a delayed paycheck.

II. When a holiday or office closure occurs on a Monday, time records must be turned by 5:00 p.m. on Tuesday (the next day).

**7.05 DISCIPLINE:**

Violation of this section of the standard operating procedures may result in discipline up to and including termination of employment. Employees may also be subject to criminal charges.

MENU